UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAIN ALFONSO HERNANDEZ,

    Plaintiff,

CASE NO. 2:22-cv-0093-JLB-MRM

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

The Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), responds in opposition to the Plaintiff's Motion to Remand (Doc. 14), as follows:

## INTRODUCTION

The Plaintiff moves to remand arguing that his Fla. Stat. *§ 627.70152* Property Insurance Notice of Intent to Initiate Litigation ("NOI") only demands $56,500.00 in disputed damages. However, as noted in Scottsdale's Notice of Removal (Doc. 1) and Declaration of Cindy Sarver-Bart (Doc. 1-5), Plaintiff's NOI is based off an estimate prepared by Ademar The Public Adjusting Firm ("Ademar") which totals $74,147.67 (prior to the application of the Policy's $2,500.00 deductible)[1]. Prior to filing the present lawsuit, and nowhere in Plaintiff's Motion to Remand, does Plaintiff state that he is no longer relying on the Ademar estimate. Furthermore, Plaintiff is seeking a

---

[1] Plaintiff also submitted to Scottsdale a Sworn Statement in Proof of Loss ("SPOL") based off Ademar's estimate. *See attached hereto as Exhibit "A."*

claim for statutory attorney's fees, the law includes this claim in the amount in controversy, and when a reasonable amount of attorneys' fees is taken into consideration, the amount in controversy exceeds $75,000.00. Therefore, the Court should deny Plaintiff's Motion.

## STATEMENT OF FACTS

1. Plaintiff filed a single count complaint in State Court against Scottsdale alleging breach of contract (Doc. 1-1).

2. Scottsdale removed this matter to the present Court on February 11, 2022 (Doc. 1)[2].

3. Prior to filing the present lawsuit, Plaintiff submitted the Ademar estimate to Scottsdale (Doc. 1 and 1-5).

4. On or about August 19, 2021, Plaintiff filed his NOI in which he made a pre-suit demand of $56,500.00. (Doc. 1) However, said demand is based off the $74,147.67 Ademar estimate which was attached to Plaintiff's NOI (Doc. 1).

5. At no time after filing his NOI, nor in his Motion for Remand, does Plaintiff state that he is no longer replying on the Ademar estimate.

---

[2] Defendant filed a Motion to Dismiss (Doc. 3) which is currently pending before the Court. Despite Plaintiff's contention that Scottsdale only removed this matter to seek dismissal is false and without merit. On January 24, 2022, Scottsdale was placed on notice that this matter was removable upon being served with Plaintiff's Complaint. Therefore, pursuant to 28 U.S.C. § 1446(b), Scottsdale had thirty (30) days to file its Notice of Removal. If Scottsdale had waited to address its basis for dismissal in State Court, the thirty (30) days would have passed and, at that point, nothing would be stopping the Plaintiff from seeking the full amount of the Ademar estimate, thus preventing Scottsdale from removing this matter (absent a showing of fraud).

## MEMORANDUM OF LAW

A.    **LEGAL STANDARD**

Federal courts have original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party has to prove by a preponderance of the evidence that federal jurisdiction exists. *See Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A removal notice is only required to include a plausible allegation that the amount in controversy is in excess of the jurisdictional requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014).

The Court may employ its own judicial experience as well as common sense when determining the amount in controversy. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010); *Penalver v. Northern Electric, Inc.*, 12-80188-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 53662 (S.D. Fla. Apr. 17, 2012) ("[f]urther, a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the undisputed amount in controversy required for removal").

B.    **FEES PUSH THE AMOUNT IN CONTROVERSY OVER $75,000.00**

Plaintiff seeks attorneys' fees under Fla. Stat. *§ 626.9373*. This is in excess of the $71,647.67 in property damages claimed in Plaintiff's SPOL and Ademar estimate.

Since the fees are authorized by statute, a reasonable amount of those fees are included and considered in the amount of controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Some judges calculate, for the purpose of the amount in controversy, the amount of fees likely to be incurred **through trial**. *DO Restaurants v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013); *Parker v. Scottsdale Ins. Co.*, 2019 U.S. Dist. LEXIS 16012, *7-8 (S.D. Feb. 1, 2019); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1532-1533 (M.D. Fla. 2008); *Maloy v. Scottsdale Ins. Co.*, Case No. 2:17-cv-470-FtM-29MRM, Doc. 8, Order (M.D. Fla. Sept. 6, 2017) (finding that defendant met is burden to establish the requirement for amount in controversy when plaintiff's claim for damage was only $60,161.49). Other judges, however, calculate the fees incurred **through the removal only**, i.e. within 30 days of the initial complaint if removed at that time. *Rogatinski v. Metro Life Ins. Co.*, 2009 U.S. Dist. LEXIS 100402 (S.D. Fla. Oct. 26, 2009). *Lott & Friedland, P.A. v. Creative Compounds, LLC*, 2010 U.S. Dist. LEXIS 57888 (S.D. Fla. April 20, 2010)[3].

The crux of Plaintiff's argument for remand is that he made a NOI demand of $56,500.00, plus fees and cost. However, this NOI demand was based off the Ademar estimate; therefore, it is clear that Plaintiff is still replying on the Ademar estimate and nothing is stopping Plaintiff for seeking the full amount of the Ademar estimate. Additionally, Plaintiff's Motion for Remand makes no mention of Plaintiff

---

[3] In the interest of full candor, Scottsdale believes the line of cases holding that the amount of fees likely to be incurred through trial and not just those incurred prior to removal apply better reasoning.

4

withdrawing his SPOL or Ademar estimate. When the Ademar estimate and fees are taken into consideration, the amount in controversy excessed $75,000.00. Specifically, in his NOI Plaintiff seeks $5,500.00 in attorneys' fees. Plaintiff argues that it is improper for Scottsdale to use the NOI $5,500.00 fee demand to support removal while "ignor[ing]" the NOI demand (which Scottsdale does not). Plaintiff's logic is misplaced as Scottsdale could use the same argument that counsel is not entitled to any fees above $5,500.00 if Plaintiff were successful at trial. Plaintiff's argument is without merit as common sense would hold that Plaintiff's counsel will certainly be seeking more than $5,500.00 as this case progresses. Therefore, even if the Court accepts Plaintiff's $56,500.00 NOI demand as the most he will seek at trial, Plaintiff's counsel will certainly be seeking more than $18,500.00 if this matter proceeds to trial. Because Plaintiff has present no evidence (aside from a pre-suit demand) that he is no longer basing his damages off the Ademar estimate, Plaintiff's Motion should be denied.

## C. PLAINTIFF IS NOT ENTITLED TO FEES FOR FILING THE MOTION TO REMAND

The Plaintiff also moves for fees relating to his Motion. The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Frankling Capital Group*, 546 U.S. 132, 136 (U.S. 2005). "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing

5

party," and this determination "should turn on the reasonableness of the removal." *Id.* at 140-41. Courts have held that Scottsdale's legal arguments made here are colorable and reasonable, "especially given the paucity of case law regarding how attorney's fees should be calculated in removal cases," and therefore the Plaintiff's fee request should be denied even if the case is remanded. *Rogatinski*, 2009 U.S. Dist. LEXIS 100402 at *9-10.

Accordingly, the Court should deny the Plaintiffs' request for fees.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Remand should be denied.

*SPACE LEFT INTENTIONALLY BLANK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Teresa J. Urda, Esquire
Law Office of Marcote & Marcote De Moya, PLLC
12595 SW 137 Avenue, Suite 307
Miami, Florida 33186
urda@insurancelawadvocate.com
matthew.corrons@insurancelawadvocate.com
*Attorney for Plaintiff*

HINSHAW & CULBERTSON, LLP

*/s/ Taylor R. Bowman*
Burke G. Lopez, Esquire
Florida Bar No. 855669
blopez@hinshawlaw.com
Taylor R. Bowman, Esquire
Florida Bar No. 117627
tbowman@hinshawlaw.com
100 South Ashely Drive
Suite 500
Tampa, Florida 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
*Counsel for Scottsdale Insurance Company*