UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAIN ALFONSO HERNANDEZ,

   Plaintiff,

v.           Case No:  2:22-cv-93-JLB-MRM

SCOTTSDALE INSURANCE COMPANY,

   Defendant.

_____

## ORDER

   After a pipe burst in his kitchen, Alain Hernandez sued his insurer, Scottsdale Insurance Company ("Scottsdale"), in Florida state court for denying coverage under a property insurance policy.   Scottsdale removed the matter based on this Court's diversity jurisdiction.   Scottsdale claims that the amount in controversy exceeds $75,000 based on the total of a repair estimate from Mr. Hernandez's public adjustor and his statutory request for attorneys' fees.   Mr. Hernandez moves to remand, however, arguing that Scottsdale has not met its burden in establishing the amount in controversy—particularly because the relied upon attorneys' fees are too speculative in this dispute and the amount of the repair itself does not exceed $75,000.   The Court agrees with Mr. Hernandez.   The speculative nature of Mr. Hernandez's fee request means Scottsdale has not shown by a preponderance of the evidence that there is more than $75,000 in dispute to invoke this Court's jurisdiction.   And because doubts over removal must be construed in Mr. Hernandez's favor, this matter is due to be **REMANDED**.

## BACKGROUND

An accidental plumbing mishap damaged Mr. Hernandez's home.   (Doc. 1-1 at 2, ¶ 7.)   He alleges a single count for breach of contract against Scottsdale and seeks compensatory damages under the insurance policy along with fees and costs pursuant to Florida Statute § 626.9373.   (Id. at 5, ¶¶ 26–30.)[1]   Notably, the Complaint is silent over the monetary amount of the alleged property damage. Rather, the pleading mentions a Property Insurance Notice of Intent to Initiate Litigation ("NOI") which, in turn, references a repair estimate.   (Id. at 2, ¶ 11; Doc. 1-5 at 83–107; Doc. 14-1 at 2.)[2]   The estimate is a detailed, line-item valuation of how much it would cost to repair Mr. Hernandez's property.   (Doc. 1-5 at 83–107.) Less the policy's $2,500 deductible, this amount totals $71,647.67.   (Id. at 104.) Mr. Hernandez also submitted a sworn statement in proof of loss reflecting this amount.   (Doc. 17-1 at 1.)

Scottsdale's Notice of Removal asserts that the estimate, plus Mr. Hernandez's statutory request for fees, demonstrates that his claim exceeds $75,000.   (Doc. 1 at 2–3, ¶¶ 11–12.)[3]   Though he does not challenge that the

---

[1] Florida Statute § 626.9373 provides that a court "shall" award a prevailing insured party reasonable attorneys' fees.

[2] Florida requires that an insured provide both the insurer and a state agency with notice before suing under a property insurance policy.   See Fla. Stat. § 627.70152(3)(a).

[3] Scottsdale proffers a pre-deductible figure of $74,147.67.   It is noteworthy, however, that "[i]n calculating the amount in controversy, courts have reduced repair estimates and claims by the deductible."   Stefchack v. Geovera Specialty Ins. Co., No. 6:20-cv-1092-Orl-22GJK, 2020 WL 6478527, at *3 (M.D. Fla. Aug. 26, 2020).

parties are completely diverse, Mr. Hernandez argues the estimate/proof of loss figure is no longer an accurate measure of his claim.   (Doc. 14 at 2–3 & 8 n.6.)   Mr. Hernandez instead maintains that the "estimate was superseded by the [NOI] statement that the disputed amount (inclusive of fees) was $62,000."   (Id. at 3.) That $62,000 figure consists of $56,500 claimed in damages and $5,500 for attorneys' fees.   (Doc. 14-1 at 2.)   As such, Mr. Hernandez concludes that Scottsdale has not shown that the amount in controversy exceeds $75,000, and urges the Court to remand this matter and award him fees under 28 U.S.C. § 1447. (Doc. 14 at 12–13.)

For these reasons, the sole issue before the Court is whether Scottsdale has met its burden in establishing the jurisdictional amount in controversy on removal.[4]

## LEGAL STANDARD

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   28 U.S.C. § 1332(a)(1).   "To remove a case from a state court to a federal court, a defendant must file in the

---

[4] After removal but before Mr. Hernandez sought remand, Scottsdale moved to dismiss.   (Doc. 3.)   The parties agree that Unicorn Star Homes, LLC—the named insured on the policy and a Florida entity of which Mr. Hernandez is the sole managing member—is the correct party-Plaintiff in this dispute, not Mr. Hernandez.   (Id. at 3–4; Doc. 20.)   Even though the parties have stipulated to Mr. Hernandez amending his Complaint (Doc. 20), the Court will first determine whether it has subject matter jurisdiction before resolving that issue given that any such amendment would relate back to the original pleading.   See Fed. R. Civ. P. 15(c)(1)(B)–(C); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"   <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).   The party seeking removal must prove that federal jurisdiction exists by a preponderance of the evidence.   <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).   That said, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."   <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 754 (11th Cir. 2010).

## DISCUSSION

As will be explained, the repair estimate is a better gauge of the amount in controversy here because it is far more detailed than Mr. Hernandez's conclusory NOI.   But the repair estimate does not shed any light on Mr. Hernandez's $5,500 claim for attorneys' fees.   That figure appears only on the face of the NOI without any supporting documentation.   As such, the only evidence on this issue—the NOI—is entitled to little weight.   And because Scottsdale offers no other evidence from which this Court can infer the <u>reasonable</u> value of Mr. Hernandez's attorneys' fees at the time of removal, Scottsdale has not met its burden.

## I.   **The NOI lacks sufficient detail to establish the amount in controversy**.

The repair estimate, rather than the NOI, is a more accurate reflection of what the amount in controversy here may be.   "It is well-established that courts often consider a proof of loss statement [and accompanying repair estimate] as a reliable source of alleged damages in determining whether the amount in

controversy is met." <u>Stefchack v. Geovera Specialty Ins. Co.</u>, No. 6:20-cv-1092-Orl-22GJK, 2020 WL 6478527, at *2 (M.D. Fla. Aug. 26, 2020) (collecting cases).   And while a pre-suit damages figure—like the $56,500 Mr. Hernandez claims in the NOI—"by itself[] may not be determinative, it counts for something."   <u>See</u> <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1097 (11th Cir. 1994).   "In determining what that 'something' is, courts draw distinctions between [demands] steeped in puffery and posturing . . . and those yielding particularized information and a reasonable assessment of value . . . ."   <u>Montreuil ex rel. Z.M. v. Costco Wholesale Corp.</u>, No. 2:18-cv-706-MHT, 2020 WL 1243383, at *1 (M.D. Ala. Mar. 13, 2020) (citation and internal quotations omitted); <u>see also</u> <u>Golden v. Dodge-Markham Co.</u>, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998).   Pre-suit demands that "provide specific information to support the [plaintiff's] claim for damages suggest the [plaintiff is] offering a reasonable assessment of the value of [his or her claim] and are entitled to more weight."   <u>Poltar v. LM Gen. Ins. Co.</u>, 473 F. Supp. 3d 1341, 1345 (M.D. Fla. 2020) (alterations and citation omitted).

Here, the greater weight of evidence favors the repair estimate over the NOI. The estimate includes a detailed itemization of how much it would cost to repair Mr. Hernandez's property.   <u>See</u> <u>Perez-Malo v. First Liberty Ins. Co.</u>, No. 1:17-cv-21180-KMM, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017).   The NOI, on the other hand, merely sets forth $56,500 in damages without any explanation.   Further, the NOI relies on the estimate and proof of loss, rendering the $56,500 claimed even

more speculative.   (Doc. 14-1 at 2.)[5]   Mr. Hernandez, in discussing his request for attorneys' fees, contends that "[r]elying on the . . . pre-suit NOI is nothing more than speculation and conjecture, which cannot form the basis for a jurisdictional determination."   (Doc. 14 at 12.)   With this the Court agrees.   And the same logic applies to the NOI's damages estimate.   For these reasons, the amount in controversy is at least $71,647 reflecting the estimated cost to repair the property.

Thus, Scottsdale must now show by a preponderance of the evidence that Mr. Hernandez's statutory request for attorneys' fees exceeds $3,352.33 (i.e., $75,000 less $71,647.67).

## II.   Scottsdale has not identified sufficient evidence of attorneys' fees.

Scottsdale is entitled to rely on Mr. Hernandez's request for attorneys' fees in establishing the amount in controversy.   "When a statute authorizes the recovery of attorneys' fees," like in this case, "a reasonable amount of those fees is included in the amount in controversy."   Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000).   And though Scottsdale urges otherwise, the Court will consider "only attorney's fees as of the time of removal," but not those projected through a trial that may or may never occur.   See Bender v. Geico Gen. Ins. Co., No. 8:17-cv-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017); Unwin v.

---

[5] Notably, nothing about the NOI supports an inference that Mr. Hernandez is not or will not seek damages exceeding $75,000.   It is not, for example, a signed affidavit stipulating that he seeks to recover less than that amount.   Nor would Mr. Hernandez stipulating as much now change the Court's jurisdictional analysis. Facts pertaining to the amount in controversy must be judged at the time of removal, not after removal.   See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289–90 (1938).

Hartford Ins. Co. of the Midwest, No. 2:21-cv-135-SPC-NPM, 2021 WL 1821415, at *2 (M.D. Fla. Apr. 9, 2021) ("The Court will not infer speculative attorneys' fees under an assumption that this case will go to trial.   That is too great a leap.   And common-sense dictates that most cases do not reach trial.").   After all, the Court's "analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."   Pretka, 608 F.3d at 751.

Here, though a closer call than most cases of this variety, the Court cannot find that Scottsdale has shown by a preponderance of the evidence that attorneys' fees incurred up to and until the time of removal carry Mr. Hernandez's claim over the $75,000 requirement.   On the one hand, the Court "can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements."   Roe v. Michelin N.A., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010).   On the other, "when the amount in controversy substantially depends on a claim for attorney fees, that claim [arguably] should receive heightened scrutiny."   Cohen v. Off. Depot, Inc., 204 F.3d 1069, 1080 n.10 (11th Cir. 2000). While not constituting the bulk of the amount in controversy at issue here, it is certain that Mr. Hernandez's claim will not exceed $75,000 without considering his request for fees.   At bottom, Scottsdale's reliance on the NOI's conclusory estimate does not carry the day.

To be certain, $3,352.33 is not an exceptionally lofty sum.   Still, Scottsdale has failed to identify sufficient evidence that would allow the Court to extrapolate that this is a reasonable amount of fees that Mr. Hernandez's counsel has incurred

at the time of removal.   See Lacombe v. Geovera Specialty Ins. Co., No. 20-CIV-61016-RAR, 2020 WL 6079273, at *3 (S.D. Fla. July 23, 2020) (holding that an affidavit "as to what [the plaintiff's] fees might be to date, and how many hours counsel may have worked . . . [which is] highly speculative testimony [that] is insufficient to carry Scottsdale's burden" of showing fees exceeding $4,833 (emphasis in original)).   Scottsdale's Notice of Removal only identifies the $5,500 amount in the NOI and is otherwise based "[u]pon information and belief" without supporting documentation suggesting, for example, opposing counsel's hourly rate or hours billed.   (See Doc. 1 at 4, ¶ 14 & n.3.)

To be fair, Mr. Hernandez's did claim $5,500 in fees as set forth in the NOI. But while the repair estimate is a detailed reflection of the damage Mr. Hernandez has incurred, neither it nor the NOI shed light on the fees incurred beyond a conclusory sum.   As such, although the number alone counts for something, it may also likely "reflect puffing and posturing on the part of the plaintiff" and is thus entitled to little weight given the lack of any specific information surrounding the fee demand.   Poltar, 473 F. Supp. 3d at 1345.   Using "judicial experience" and "common sense," even if only for $3,352.33, would be inappropriate here given that there is nothing beyond a conclusory sum in the NOI for the Court to tether the amount of Mr. Hernandez's attorneys' fees.

At bottom, Scottsdale's "right to remove and [Mr. Hernandez's] right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly [and] where plaintiff and defendant clash about jurisdiction, uncertainties

are resolved in favor of remand."   Burns, 31 F.3d at 1095.   The Court therefore

finds Scottsdale has failed to show by a preponderance of the evidence that the

amount in controversy meets the $75,000 jurisdictional amount.

**III.     Mr. Hernandez is not entitled to fees**.

        Finally, though remand is appropriate, an award of fees in Mr. Hernandez's

favor is not.   Under section 1447(c), "[a]n order remanding the case may require

payment of just costs and any actual expenses, including attorney fees, incurred as

a result of the removal."   28 U.S.C. § 1447(c).   However, "[a]bsent unusual

circumstances, courts may award attorneys' fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal.

Conversely, when an objectively reasonable basis exists, fees should be denied."

Bauknight v. Monroe Cnty., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin v.

Franklin Cap. Corp., 546 U.S. 132 (2005)).   Here, the Court cannot find that

Scottsdale lacked an objectively reasonable basis for seeking removal.   Thus, Mr.

Hernandez's request is due to be denied.

<strong>CONCLUSION</strong>

        The Court finds that Scottsdale failed to prove that the amount in

controversy meets the $75,000 amount to invoke this Court's jurisdiction.   As such,

the matter is due to be remanded.   Last, because the Court lacks subject matter

jurisdiction, the Court declines to rule on Scottsdale's motion to dismiss (Doc. 3),

and that motion should remain pending for adjudication by the state court.[6]

---

        [6] The Court simply notes that Florida Rule of Civil Procedure 1.190(a)

Accordingly, it is **ORDERED**:

1.      Plaintiff's Motion to Remand to State Court (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**.

2.      This matter is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 2022-CA-00269.

3.      The Motion (Doc. 14) is **DENIED** to the extent it seeks any greater or different relief than this Order grants.

4.      The Clerk of Court is **DIRECTED** to transmit a copy of this Order, Defendant's Motion to Dismiss for Naming Improper Party Plaintiff (Doc. 3), and the parties' Renewed Joint Stipulation as to Defendant's Motion to Dismiss (Doc. 20) to the Clerk of the Twentieth Judicial Circuit.   The Clerk is **further** directed to terminate any pending deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on April 14, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

provides that a party may amend a pleading "by written consent of the adverse party," which seems to be the case here.   (See Doc. 20.)   But that is a decision for the state court.